*Revised July 2023*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| RENEE JONES, Plaintiff, against RAILS INTERNATIONAL, LLC, JULIE SEITZ, individually, JOANNE PEREZ, individually, and JORDYN COTY, individually, Defendant. | X : : : : : X | CIVIL ACTION NO.: 26-cv-5142 |

**PROPOSED CASE MANAGEMENT PLAN AND REPORT OF RULE 26(f) MEETING**

**Court Expectations**

**Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence**. Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

Counsel are directed to the Model Confidentiality Stipulation and Order and Discussion Topics for Rule 26(f) Conference on Judge Parker's Individual Practices Page.

Counsel represent by their signature below that they have read and will comply with the above.

*Revised July 2023*

**Proposed Discovery Plan**

**In accordance with Federal Rule of Civil Procedure 26(f) and Judge Parker's Individual Rules, the parties met on** 8/26/2026 & 9/4/2026 (at least one week before the Initial Case Management Conference) and are exchanging communications thereafter. At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration:

2. **Summary of Claims, Defenses, and Relevant Issues**

Plaintiff:

Plaintiff Rene Jones brings employment discrimination and retaliation claims against Rails International, LLC, Julie Seitz, Joanne Perez, and Jordyn Coty. The Complaint alleges that Defendants discriminated against Plaintiff based on race, the intersection of race and sex, disability, and religious practice; failed to provide reasonable accommodations for her disability and religious practice; subjected her to hostile work conditions; retaliated against her for opposing discrimination and requesting accommodations; and aided and abetted unlawful conduct. Plaintiff asserts claims under 42 U.S.C. § 1981, the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law.

Defendant:

Defendants deny all of Plaintiff's allegations. Any decision was made for legitimate, non-discriminatory reasons. Defendants anticipate making a motion to compel arbitration and to dismiss the Complaint.

3. **Basis of Subject Matter Jurisdiction:** This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over Plaintiff's state and city law claims under 28 U.S.C. § 1367. Defendants contend that due to the enforceable arbitration agreement that Plaintiff executed, subject matter jurisdiction is at issue.

*Revised July 2023*

4. **Subjects on Which Discovery May Be Needed**

Plaintiff(s): anticipates seeking discovery concerning Plaintiff's hiring, onboarding, job duties, performance, compensation schedule, promotion and advancement opportunities, worklace complaints, accommodation requests, medical restrictions submitted to Defendants, Defendants' responses to those requests, communications concerning Plaintiff's protected activity, changes to Plaintiff's duties and access to employment systems, the filing of Plaintiff's position, Defendant's investigation or failure to investigate discrimination and harassment complaints, comparator evidence, pay and promotion practices, policies and training concerning discrimination, harassment, retaliation, disability accommodation, religious accommodation, workplace safety, and preservation and production of relevant electronically stored information.

Defendant(s):

anticipates seeking discovery on Plaintiff's workers' compensation claim, workplace complaints, communications regarding Plaintiff's protected activity, and efforts she made to mitigate her damages.

5. **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure ~~was~~ will be ***disclosed by Plaintiff(s)*** on 9/14/20206. In addition, on 10/15/2026*, Plaintiff(s) ~~produced/~~will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure ~~was~~ will be ***disclosed by Defendant(s)*** on 9/14/2026. In addition, on 10/15/2026*, Defendant(s) ~~produced/~~will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

6. **Formal Discovery**

The parties jointly propose to the Court the following discovery plan:

All fact discovery must be completed by March 16, 2027.

***The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above.***

*Revised July 2023*

a. Depositions: Depositions shall be completed by March 16, 2027 and limited to no more than 10 depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

b. Interrogatories: Initial sets of interrogatories shall be served on or before October 30, 2026 *. All subsequent interrogatories must be served no later than 30 days prior to the discovery deadline.

c. Requests for Admission: Requests for admission must be served on or before February 12, 2027 *.

d. Requests for Production: Initial requests for production were/will be exchanged on October 30, 2026 * and responses shall be due on November 30, 2026 *. All subsequent requests for production must be served no later than 30 days prior to the discovery deadline.

e. Supplementation: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

7. **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

The parties have not identified specific discovery disputes at this time. Plaintiff anticipates that discovery may require discussion concerning the scope of ESI, custodians, search terms, personnel and comparator records, confidentiality designations, medical and damages-related discovery, and the preservation and production of communications from relevant employment systems, messaging platforms, email accounts, and HR/payroll platforms. Plaintiff further anticipates that a protective order may be necessary for confidential personnel, medical, financial, and business information.

8. **Amendments to Pleadings**

a. Are there any amendments to pleadings anticipated? No

b. Last date to amend the Complaint: November 16, 2026

*Revised July 2023*

9. **Joinder of Parties**

a. Are there other necessary parties that need to be joined? Y/N (N circled)

b. Is joinder of other parties anticipated? No

c. Last date to join other parties: November 16, 2026

10. **Expert Witness Disclosures**

At this time, the parties do/do not (circle one) anticipate utilizing experts. ("do not" circled) Expert discovery shall be completed by June 15, 2027.

11. **Electronic Discovery and Preservation of Documents and Information**

a. Have the parties discussed electronic discovery? No

b. Is there an electronic discovery protocol in place? If not, when the parties except to have one in place? Yes

c. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

The parties may need to address preservation of email, text messages, messaging applications, HR/payroll systems, scheduling records, personnel files, employee portal access logs, complaint investigation materials, accommodation communications, and relevant comparator records.

12. **Anticipated Motions**

Defendants may file dispositive motions, including a motion to dismiss or motion for summary judgment. Plaintiff may file motions to compel, motions concerning preservation, or ESI, or dispositive or evidentiary motions as appropriate. On August 25, 2026, Defendants filed a pre-motion letter for an anticipated motion to compel arbitration and to dismiss the Complaint.

13. **Early Settlement or Resolution**

The parties have/have not (circle one) discussed the possibility of settlement. ("have not" circled) The parties request a settlement conference by no later than May 15, 2027.

*Revised July 2023*

The following information is needed before settlement can be discussed:

Defendants' Answer or other responsive pleading; initial disclosures; core personnel, payroll, HR, complaint/investigation, accommodation, scheduling, and employee portal records; relevant comparator information; documents concerning Plaintiff's alleged damages and mitigation; and any available insurance or indemnity information.

14. **Trial**

a. The parties anticipate that this case will be ready for trial by September 15, 2027.

b. The parties anticipate that the trial of this case will require 5-7 days.

c. The parties request a jury/bench (circle one) trial. [circled: jury]

d. The parties consent/do not consent (circle one) to Magistrate Judge jurisdiction at this time. [circled: do not consent]

15. **Other Matters**

*Defendants intend to move to dismiss the Complaint and compel arbitration; which is to be discussed at the Initial Case Mgmt Conf. on 9/15/26. Until the Court determines that it has jurisdiction to hear this case, Defendants should not have to proceed with discovery in this forum. If the motion to compel is denied, all written discovery should be served within 3 weeks of the ruling, with responses due within 30 days.

**The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c). To consent to Magistrate Judge jurisdiction for all purposes or specific dispositive motions, please utilize the consent form on Judge Parker's Individual Practices Webpage.**

Respectfully submitted this 8th day of September, 2026.

ATTORNEYS FOR PLAINTIFF(S): [signature]

ATTORNEYS FOR DEFENDANT(S): Stacy Pitcher